IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMARV P. HAMMOND,          )<br>                             )<br>          Petitioner,        )<br>                             )<br>vs                           )<br>                             )<br>GEORGE T. HAGAN,             )<br>                             )<br>          Respondent.        )<br>_____) | Civil Action No.: 4:07-cv-1081-JFA-TER<br><br><br><br>REPORT AND RECOMMENDATION |

Petitioner, Jamarv P. Hammond ("petitioner"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 25, 2007. Respondent filed a motion for summary judgment on August 31, 2007, along with supporting memorandum. The undersigned issued an order filed September 6, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On October 11, 2007, petitioner filed a motion for extension of time to respond to the motion for summary judgment. This motion was granted and petitioner was given an additional thirty (30) days, until November 9, 2007, to file a response. (See Order, document # 30). On October 29, 2007, petitioner filed a second motion for extension of time. The second motion for extension was granted by Order dated November 1, 2007, giving plaintiff until November 28, 2007, to file a response and informing plaintiff that failure to do so could result in dismissal of his case for

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Petitioner has failed to file a response.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will briefly address respondent's motion for summary judgment.

### III.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The respondent asserts that the petitioner's claims must be dismissed as untimely. Specifically, respondents contend the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondent argues as follows, quoted verbatim, in part:

> Petitioner's direct appeal became final on February 5, 2001, when the South Carolina Court of Appeals issued the remittitur ending appellate jurisdiction. . . . Moreover, because Petitioner failed to seek certiorari in the state supreme court, he is not entitled to the additional period of ninety (90) days in which to seek certiorari review from the United States Supreme Court as the failure to seek certiorari from the Supreme Court of South Carolina precluded him from meeting the jurisdictional requirements of the United States Supreme Court. . . . therefore, Petitioner's federal time began to run after the issuance of the remittitur. Petitioner filed his PCR action on March 7, 2001, tolling the time period after thirty (30) days of time not tolled by the statute had lapsed. Petitioner's PCR action concluded upon issuance of the remittitur in the PCR appeal on May 5, 2006. He did not file this action until April 18, 2007. An additional three hundred and forty-eight (348) days of time not tolled by the statute lapsed. In sum a total of three hundred and seventy eight (378) days of time not tolled by the statute lapsed before the filing of the instant action. . . .Subtracting the three hundred and sixty-five days Petitioner had in which to filed a timely petition, the instant petition is thirteen days late. The entire petition should be summarily dismissed.

(Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2]  Subsection (d) of the statute now reads:

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v.

3

>  (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated by respondent and not opposed by petitioner, petitioner did not file a direct appeal. Thus, his conviction became final on February 5, 2001. Petitioner filed his PCR on March 7, 2001. Therefore, twenty-eight (28) days of time tolled time lapsed. Petitioner's PCR application concluded on May 5, 2006. Petitioner did not file this habeas corpus petition until April 18, 2006, based on the stamped date on the envelope from the prison mailroom. Thus, an additional 346 days of non-tolled

---

<u>Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

time lapsed for a total of 374 days.[3] Accordingly, this petition was filed outside of the limitations deadline. In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). Additionally, there is no evidence that warrants equitable tolling. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003).

## IV. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is RECOMMENDED that respondent's motion for summary judgment (document #20) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing as it is barred by the statute of limitations.


December 4, 2007　　　　　　　　　　　　　　　　　s/Thomas E. Rogers, III
Florence, South Carolina　　　　　　　　　　　　　Thomas E. Rogers, III
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**

---

[3] The remittitur was issued on a Friday. The undersigned began counting from the following Monday.