IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Jamarv P. Hammond, ) | C/A No.: 4:07-1081-JFA-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| George T. Hagan, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, Jamarv P. Hammond, is an inmate in the custody of the South Carolina Department of Corrections. He is serving a life sentence for kidnaping, criminal sexual conduct, and assault and battery. Petitioner initiated this action pursuant to 28 U.S.C. § 2254 seeking habeas relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss the petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as a result of petitioner's failure to respond to the court's orders. Alternatively, the Magistrate Judge suggests that the court grant

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

respondent's motion for summary judgment[2] on the basis that the petition was not timely filed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Before the court discusses the Magistrate's recommendation, it will note for the record that when the respondent filed a motion for summary judgment on August 31, 2007, the Magistrate Judge issued an order on September 6, 2007 pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if petitioner failed to adequately respond to the motion for summary judgment. A *Roseboro* order allows a *pro se* litigant 34 days from the issuance of the order to file any material he wishes in opposition to the motion. Thus, petitioner's response to the respondent's motion for summary judgment would have been due on or about October 11, 2007.

However, on October 11, 2007, petitioner did not file a response to the motion for summary judgment. Instead, on that date he filed a motion for an extension of time to respond to the summary judgment motion. The Magistrate Judge granted the motion and gave the petitioner an additional 30 days (until November 9, 2007) to file a response.

On October 29, 2007, petitioner filed a second motion for an extension of time to respond to the summary judgment motion. On November 1, 2007, the Magistrate Judge again granted the request allowing petitioner until November 28, 2007 to comply. The petitioner

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did respond to the motion.

did not file a response on November 28.

On December 4, 2007, the Magistrate Judge issued a Report and Recommendation suggesting that the case be dismissed for failure to prosecute under Rule 41(b). In the Report, the petitioner was notified of the time limits to file objections to the Report.

On December 7, 2007, petitioner made a third motion for an extension of time. This court granted the third motion and allowed petitioner until December 28, 2007 to file objections to the Report.

On January 3, 2008, the court received a pleading entitled "Objection to Report and Recommendation and Memorandum of Law in Opposition to Respondent's Motion for Summary Judgment." The date the petitioner mailed the objections from the prison was December 28, 2007.[3]

In petitioner's objection to the recommendation that his petition be dismissed pursuant to Rule 41(b), petitioner contends that from October 24, 2007 until November 29, 2007, he was relocated to four separate living quarters within the institution "creating total chaos and instability during the period petitioner was preparing his response to respondent's motion." Petitioner also asserts that Allendale Correctional Institution was on "lockdown" status for security reasons twice during this same period which prevented him from law library access. He also notes that "acting pro se is a burden and that it is multiplied tenfold for an individual

---

[3] In the event that a statute of limitations issue arises in prisoner-filed litigation, the petitioner has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988). *Houston v. Lack* holds that timeliness issues surrounding prisoner pleadings will be based on the date that the prisoner turned his pleading over to prison authorities for mailing.

3

with zero legal training and experience, and a hundredfold by the vicissitudes of prison life." Petitioner seeks the court's finding of excusable neglect for the petitioner's failure to respond.

As the Magistrate Judge notes in his Report, it is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment or the court orders requiring him to do so. He was warned of the consequences and still failed to respond.

The court is not persuaded by petitioner's argument. It is clear that the underlying petition is outside the one-year statute of limitations and the court will therefore rule on the timeliness of the petition rather than dismiss the petition under Rule 41(b) for failure to respond.

The Magistrate Judge concurs with the respondent's contention that the petitioner's claim must be barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling. The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

For the reasons that follow, the court overrules the petitioner's objections and adopts the Report and Recommendation as it suggests denial of the petition.

In the instant case, the record reflects that petitioner's direct appeal became final on February 5, 2001 when the South Carolina Court of Appeals issued the remittitur ending appellate jurisdiction. Petitioner did not seek certiorari in the SC Supreme Court, and so he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Thus, petitioner's federal time to file a habeas petition began to run after the issuance of the remittitur on February 5, 2001.

5

Petitioner's Post Conviction Relief ("PCR") action was filed on March 7, 2001, leaving 28 days of untolled time (February 5, 2001 to March 7, 2001). When petitioner's PCR action concluded on May 5, 2006 (after the issuance of the remittitur on his PCR appeal), the present petition was filed on April 18, 2007[4] leaving an additional 346 days untolled. Coupled with the 28 days, a total of 374 days was untolled which goes beyond the 365-day or one-year statute of limitations provided by the AEDPA.

Petitioner asserts his basis for equitable tolling is insufficient procedural instruction. He contends that the only legal material he had in the prison library was a "grossly outdated" 1990 supplement of 28 U.S.C. § 2254. Petitioner contends he made diligent efforts to get updated copies of the statute, but that prison officials failed to obtain the updated copies for the prison law library. Petitioner states that he is not ignorant of the law, but that because of his lack of access to the proper statute, he had a flawed knowledge of procedural rules, thus the late petition.

Equitable tolling of the limitation period is appropriate only when a petitioner presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented his from filing on time. "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustices would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

---

[4] The Magistrate Judge's Report and Recommendation contains a scrivener's error referring to the date the petitioner filed his habeas petition as April 18, 2006. The petition was actually filed on April 18, *2007*.

As the Fourth Circuit further noted in *Harris*, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

This court does not find petitioner has presented extraordinary circumstances making it impossible for petitioner to file his claims on time. *See Rouse v. Lee* 339 F.3d 238 (4th Cir. 2003). Because he filed his petition before allegedly becoming aware of AEDPA's statutory requirements, the petitioner's unawareness of the law arguably has not prevented in some extraordinary way his assertion of his rights. Furthermore, the alleged inadequacy of the law library does not toll the statute of limitations. *Lewis v. Casey* 518 U.S. 343, 351 (1996) (because inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's law library.") ; see also *Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001) ("rejecting claim of equitable tolling based on allegation of law library deficiency where petitioner failed to show "any independent efforts he made to determine when the relevant limitations period began to run"); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th

7

Cir. 2000) ("a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (rejecting similar claim where no proof of diligence, noting "[i]t is not enough to say that the ... facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate").

Although petitioner contends he diligently pursued his request that prison officials update the §2254 statutory supplement, and that he wrote unsuccessfully to the district court to obtain copies of the rules and current habeas applications, the court does not find the totality of the petitioner's circumstances to be extraordinary, and are therefore not subject to equitable tolling.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge as it opines the untimeliness of the §2254 petition and incorporates this Report by specific reference. The respondents' motion for summary judgment is hereby granted and the petition is denied.

Petitioner also filed a motion to compel respondent to provide copies for petitioner in his legal proceedings. The respondent opposes the motion. Petitioner contends that the SCDC's policy of only providing one pen per inmate in SMU per month is a deprivation of his Fourteenth Amendment access to the courts. He contends he is entitled to proceed without

furnishing opposing counsel copies. The court finds petitioner's request without merit and thus denies the motion to compel.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

Joseph F. Anderson, Jr.
United States District Judge

July 24, 2008
Columbia, South Carolina